UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY SCHWARTZ,

      Plaintiff,

   v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; ADVIA CREDIT UNION; CITI BANK, N.A.; CAPITAL ONE, N.A.; DISCOVER FINANCIAL SERVICES; ONE PROGRESS SERVICES; FB&T/MERCURY FINANCIAL; PNC BANK, N.A.; AFFIRM INC; and COMENITY CAPITAL BANK,

      Defendants.

Case No.: 2:26-cv-00188-LA

---

**PROTECTIVE ORDER**

---

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

      **IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

**(A)      DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1)      One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes the information or documents contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2)      One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a "CONFIDENTIAL" designation.

(3)      Except for information, documents, or other materials produced for inspection at the Party's facilities, the designation of confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked "CONFIDENTIAL" after copying but before delivery to the party who inspected and designated them. There will be no waiver

of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within thirty (30_ days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B)     DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.**

Information, documents, or other material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from

following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other Party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the Parties or, when the Party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other Parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must complete the Confidentiality Agreement, attached hereto as Exhibit A.

(d)     Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must complete the Confidentiality Agreement, attached hereto as Exhibit A.

(e)     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f)     Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2)     ATTORNEYS' EYES ONLY INFORMATION. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other Party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a)     Disclosure may be made to counsel;

(b)     Disclosure may be made to employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(c)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d)     Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence, and must complete the Confidentiality Agreement, attached hereto as Exhibit A.

(e)     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f)     Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

**(C)     GRAMM LEACH BLILEY ACT.** Documents and information, to the extent they are or contain non-public personal information (NPI) as defined in the Gramm Leach Bliley Act (GLBA) and its implementing regulations, are or will be produced to respond to judicial process, as contemplated in the GLBA and its implementing regulations. Further to the extent the documents or information are or contain non-public personal information (NPI) as defined in the GLBA and its implementing regulations, Plaintiff has consented to their disclosure to the Court and all parties in the litigation.

**(D)    MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (1), counsel for the Parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2)    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(E)    CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The challenging Party bears the burden of proving that the information, documents, or other material at issue are improperly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(F) INADVERTENT DISCLOSURE OF CONFIDENTIAL OR ATTORNEYS EYES ONLY OR PRIVILEGED INFORMATION.** A party who has inadvertently failed to designate certain documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may do so after the discovery of the inadvertent failure to designate, without waiving the CONFIDENTIAL or ATTORNEYS' EYES ONLY status of those documents or information. Thereafter, the receiving Party must return the original information and all copies of the same to the producing Party, sequester the original information and all copies of the same, or add the appropriate designation to the original information and all copies of the same. A party who has inadvertently produced privileged information does not waive any privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a large production is not itself a waiver in this case or any other federal or state proceeding. In addition, information that contains privileged matter or attorney work product shall be immediately sequestered if such information appears on its face to have been inadvertently produced. When any Party identifies such privileged or protected information, the Party that received the privileged document or information: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; (3) shall within five (5) business days of the producing Party's request sequester the information and all copies thereof; and (4) shall confirm to the producing Party the sequester of all copies of the information. Only after complying with steps 1 through 4 above, may the receiving Party challenge any claim of privilege or protection by the producing Party.

**(G)** **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a Party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order be returned to the originating Party or, if the Parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a Party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

**(H)** This Protective Order shall continue in effect after termination of this action and continue to be binding on all persons to whom CONFIDENTIAL information was disclosed.

**(I)** If CONFIDENTIAL information is disclosed to any person other than in the manner authorized in this Protective Order, the Party responsible for the disclosure must immediately inform the other persons in possession of such CONFIDENTIAL information pursuant to the terms of this Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received CONFIDENTIAL information.

**(J)** Any person in possession of CONFIDENTIAL information who receives a public records request or subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards, or associations) who is not a party to this Protective Order, seeking production or other disclosure of another party's CONFIDENTIAL information, shall promptly give telephonic notice and written notice to counsel for the designating Party, person or entity, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the

later of (a) thirty (30) days following the date on which notice is given, or (b) the return date of the subpoena, unless otherwise required by applicable law or by court order.

      **(K)**    **Non-Use of Artificial Intelligence.** Confidential Material covered by this Order shall not be submitted to any open AI tool, website, or large language model (for example, ChatGPT or Claude).

Dated at Milwaukee, Wisconsin, this 8th of June, 2026.

/s/ Lynn Adelman

United States District Court Judge